IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ISAAC ONGEWE OPIYO, | ) | 8:07CV463 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL CHERTOFF, Secretary of | ) | |
| the U.S. Department of Homeland | ) | |
| Security, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 9.) Defendants argue that Plaintiff's Complaint should be dismissed because he has already received the relief requested as a result of his I-485 Application being approved on January 22, 2008. (*Id.*) Plaintiff filed an Opposition to the Motion to Dismiss, arguing that he has not received all of the relief requested. (Filing No. 11.) In sum, Plaintiff argues that the "excessive wait" for his I-485 Application to be approved means that he will have to "wait another 3 or more years if and when" he "chooses" to file a N-400 Application for Naturalization. (*Id.* at CM/ECF p. 2.)

The court has carefully reviewed the documents submitted by the parties, including Plaintiff's Complaint. Liberally construed and summarized, the bulk of Plaintiff 's Complaint sought the approval of his I-485 Application. (Filing No. 1 at CM/ECF p. 6.) The court agrees with Defendants that Plaintiff has received that approval and this claim for relief is now moot.

However, Plaintiff also sought an order from the court "requiring Defendants to take into consideration the 4 years and 11 months" that he waited for the I-485 Application to be approved "*if and when [he] choose[s]*" to apply for United States Citizenship. (*Id.*) (emphasis added). Plaintiff reiterates his "if and when" language

in his Opposition to the Motion to Dismiss. (Filing No. 11.) Plaintiff's remaining request for relief must set forth a "definite and concrete controversy involving adverse legal interests" in order for this court to have jurisdiction. *McFarlin v. Newport Special School Dist.*, 980 F.2d 1208, 1210 (8th Cir. 1992) (citations omitted). Further, "the controversy must be one for which the court can grant specific and conclusive relief." *Id.* Plaintiff has not submitted an N-400 Application for Naturalization. As is apparent from his references to "if," he may never submit an N-400 Application and therefore may never require "consideration" of the time he waited for the approval of his I-485 Application. Thus, Plaintiff has not set forth any definite and concrete controversy and this court lacks jurisdiction over Plaintiff's remaining claim. However, the court will dismiss Plaintiff's Complaint without prejudice to ensure that if a live controversy develops at some later date, Plaintiff may seek the requested relief.[1]

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing no. 9) is granted. Plaintiff's Complaint is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

May 2, 2008.                    BY THE COURT:

                                s/ Joseph F. Bataillon
                                Chief United States District Judge

---

[1] In light of other cases recently decided in this District, the court has serious doubts about its jurisdiction to award the requested relief even if a live controversy existed. However, the court will not address those issues unless and until Plaintiff files an action in which there is a live controversy.